UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------
JOHN BOLOGNA,

                            Plaintiff,

       -against-

THE CITY OF NEW YORK, Police Officer
MALCOLM DANZIGER, Shield #17860, Police
Officer CRAIG HORLEBEIN, Police Officer
DANIEL McGLYN, Police Officer BRAD
FLEISCHER, Sergeant "JOHN" McMAHON, first
name being fictitious, Police Officer
"JANE" WASHINGTON, first name being
fictitious, Detective THOMAS CURRY,
Shield #2663, Detective, CHRISTOPHER
WACHHOLTZ, and "JOHN DOE" 1-10, fictitious
names of Police Officers and Detectives
of the NEW YORK CITY POLICE DEPARTMENT,

                      Defendant(s).
---------------------------------------------

JURY TRIAL
DEMANDED

AMENDED
COMPLAINT

Plaintiff, John Bologna, by his attorney, Nicholas
Martino, Jr., does hereby complain of the defendants and
allege the following upon information and belief and at
all times herein relevant.

## VENUE AND JURISDICTION

1.    This action is brought pursuant to 42 U.S.C.
Sections 1981, 1983, 1985, 1986 and 1988, the Fourth,
Fifth, and Fourteenth Amendments to the United States
Constitution, as well as under New York State tort law
and New York State Constitution for pendent state causes
of action.

2.    Jurisdiction is founded in the District Court
pursuant to 28 U.S.C. 1331; and, this is a Civil action
arising under 42 U.S.C. Sections 1981, 1983, 1985, 1986

and 1988, and under the Constitution and the laws of the United States.

3. Venue is properly laid in this district under 28 U.S.C. Section 1391(b), this being the judicial district in which the events giving rise to the claim occurred.

**PARTIES**

4. Plaintiff, John Bologna, was and is a resident of Richmond County, City and State of New York.

5. Defendant, The City of New York, was and is a municipal corporation duly incorporated under the laws of the State of New York.

6. Defendant, Police Officer Malcolm Danziger, was at all times relevant hereto, employed by the defendant, City of New York, as a New York City Police Officer.

7. Defendant, Police Officer Craig Horlebein, was at all times relevant hereto, employed by the defendant, City of New York, as a New York City Police Officer.

8. Defendant, Police Officer Daniel McGlyn, was at all times relevant hereto, employed by the defendant, City of New York, as a New York City Police Officer.

9. Defendant, Police Officer Brad Fleischer, was at all times relevant hereto, employed by the defendant, City of New York, as a New York City Police Officer.

10.   Defendant, Sergeant "John" McMahon, first name being fictitious, was at all times relevant hereto, employed by the defendant, City of New York, as a New York City Police Officer.

11.   Defendant, Police Officer "Jane" Washington, first name being fictitious, was at all times relevant hereto, employed by the defendant, City of New York, as a New York City Police Officer.

12.   Defendant, Detective Thomas Curry, was at all times relevant hereto, employed by the defendant, City of New York, as a New York City Police Officer.

13.   Defendant, Detective Christopher Wachholtz, was at all times relevant hereto, employed by the defendant, City of New York, as a New York City Police Officer.

14.   Defendant, unknown police officers listed in the captioned as "John Doe's" 1 – 10, were at all times relevant hereto, employed by the City of New York as Police Officers and/or Detectives for the New York City Police Department.

15.   Defendant, City of New York, at all times relevant hereto, were responsible for the hiring, training, supervision, discipline, retention, firing and promotion of the police officers, sergeants, detectives and the defendants herein.

16. At all times hereinafter mentioned, the defendants herein were acting under the color of state law pursuant to the statutes, Constitution, ordinances, regulations, polices, and customs of the State of New York and under the United States Constitution.

### FACTS

17. That on or about October 29, 2002 and October 30, 2002, at plaintiff's apartment, located at 331 Kell Avenue, Staten Island, New York, the defendants herein entered the subject premises pursuant to a call that a burglary was in progress.

18. Upon entering the subject premises, the defendants herein allegedly observed drug paraphernalia and a fire arm. The home was secured by the defendant Police Officers herein.

19. Upon arriving at his home on October 29, 2002, the plaintiff, John Bologna, was placed under arrest by the defendants herein and charged with Criminal Possession of a Controlled Substance in the Seventh Degree, Penal Law Section 220.03, Unlawful Possession of Marijuana, Penal Law Section 221.05, Criminal Possession of a Weapon in the Fourth Degree, Penal Law Section 265.01, Criminal Possession of a Weapon in the Fourth Degree, Penal Law Section 265.01, and was transported to the 122nd Precinct for processing.

20.  The plaintiff, John Bologna, did not give consent or permission to any Police Officer to search his apartment, including his computer contained therein.

21.  At the time and place described above, the defendants herein, acting under the color of law as a New York City Police Officer, and, without a warrant, consent, permission or other legal justification to perform a search, accessed plaintiff's computer, which the defendants discovered inside the plaintiff's apartment.  The defendant Police Officers/Detectives allegedly observed what they classified as "child pornography" on the plaintiff's computer.

22.  On or about February 19, 2003, plaintiff, John Bologna, as a result of the defendant's illegal and unconstitutional search and seizure of the plaintiff's computer, was charged with 66 counts of Promoting a Sexual Performance by a Child (Penal Law Section 263.15), 66 counts of Possessing a Sexual Performance by a Child (Penal Law Section 263.16), and 1 count of Obscenity in the 3rd degree (Penal Law Section 235.05).

23.  Despite the lack of a search warrant or other legal justification to access plaintiff's computer, plaintiff, John Bologna, was falsely arrested, falsely imprisoned and maliciously prosecuted for the aforementioned crimes involving the contents of his

computer.

24. Furthermore, the defendants herein, in an attempt to justify their improper and illegal conduct in investigating the aforementioned crimes, falsely represented sworn facts in the criminal complaint and presented mis-statements and inaccuracies to the District Attorney's Office of the City of New York.

25. The defendants herein acted intentionally and maliciously in performing an illegal, unconstitutional and improper search of the plaintiff's computer.

26. In or about November, 2003, the District Attorney's Office voluntarily dismissed the aforementioned child pornography charges, citing the improper, illegal and unconstitutional search and seizure of the plaintiff's computer as the basis of their dismissal.

27. The defendant Police Officers and Detectives herein, were at all times relevant, acting within the scope of their employment and under the color of law as New York City Police Officers. The defendant Police Officers' actions were done in furtherance of the City of New York and the interest of the New York City Police Department.

28. As a direct and proximate result of the acts of the defendants herein, plaintiff, John Bologna, was

caused to be falsely arrested, falsely imprisoned, maliciously prosecuted, caused to sustain mental suffering, anguish, psychological and emotional distress, loss of wages, humiliation, destruction of his reputation, forced to incur substantial legal fees, loss of properties and deprivation of his physical liberty, deprivation of his constitutional and civil rights under the United States and New York State Constitutions.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF

29. Plaintiff repeats and reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and affect as though more fully set forth herein at length.

30. The defendants herein subjected the plaintiff, John Bologna, to false arrest, false imprisonment, malicious prosecution and deprivation of his liberty as a result of their illegal and unconstitutional search and seizure of plaintiff's computer and the subsequent arrest of plaintiff herein.

31. On or about February 19, 2003, in the State and City of New York, County of Richmond, the defendants herein falsely, unlawfully and wrongfully arrested and imprisoned the plaintiff herein and deprived him of his liberty without due process of law.

32.  By  reason  of  the  aforementioned  charges,
plaintiff's reputation was and has been greatly injured
and has been brought into public scandal, disrepute and
disgrace and has been greatly hindered and prevented from
following and transacting in his usual and customary
affairs and business and has suffered great emotional
trauma, harm and all to his detriment.

33.  As a direct and proximate result of the acts of
the  defendants  herein,  plaintiff,  John  Bologna,  was
caused  to  be  falsely  arrested,  falsely  imprisoned,
maliciously  prosecuted,  caused  to  sustain  mental
suffering, anguish, psychological and emotional distress,
loss  of  wages,  humiliation,  destruction  of  his
reputation,  incur  substantial  legal  fees,  loss  of
properties and deprivation of his physical liberty,
deprivation of his constitutional and civil rights under
the United States and New York State Constitutions.

34.  That by reason of the foregoing plaintiff, John
Bologna, was damaged in the amount of Three Million
Dollars  ($3,000,000.00)  plus  costs,  disbursements,
attorney's fees, and interest.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF

35.  Plaintiff repeats and reiterates and realleges
each  and  every  allegation  contained  in  paragraphs
numbered "1" through "34" with the same force and affect

as though more fully set forth herein at length.

36. That on or about February 19, 2003, the City of New York and the defendants herein, maliciously contrived and intended to injure the plaintiff's good name and to bring him into public disgrace and scandal, then with force and arms, arrested plaintiff, without any warrant or any legal process thereof, compelling him to enter a police vehicle wherein he was taken to the police precinct and thereafter they restrained him in a cell for a period of time, without the consent or permission of the plaintiff herein and against the laws of the State of New York and the United States Constitutions.

37. Thereafter, plaintiff was caused to appear before a judge on numerous occasions and was falsely and maliciously prosecuted and was charged with 66 counts of Promoting a Sexual Performance by a Child (Penal Law Section 263.15), 66 counts of Possessing a Sexual Performance by a Child (Penal Law Section 263.16), and 1 count of Obscenity in the 3rd degree (Penal Law Section 235.05).

38. The defendants herein falsely and maliciously signed, swore to and filled out a written criminal Complaint charging the plaintiff with the commission of the aforementioned offenses based upon their improper, illegal and unconstitutional search and seizure of

plaintiff's computer.

39.  The defendants herein caused a false criminal accusatory instrument to be filed against the plaintiff herein.  Said criminal instrument and the aforementioned charges were voluntarily dismissed in or about November, 2003 by the New York State District Attorney's Office.

40.  The defendants herein, without a warrant, intentionally and deliberately violated the plaintiff's civil rights under the New York State and United States Constitutions and, intentionally and deliberately continued to bring the aforementioned charges in order to prosecute the plaintiff herein.

41.  By reason of the above, the plaintiff was and has been greatly injured in his reputation and has been brought into public scandal, disgrace and humiliation and was obliged to spend large sums of money to defend himself and to manifest his innocence of these charges and was greatly injured and prevented from attending and transacting his usual and customary affairs and business.

42.  As a direct and proximate result of the acts of the defendants herein, plaintiff, John Bologna, was caused to be falsely arrested, falsely imprisoned, maliciously prosecuted, caused to sustain mental suffering, anguish, psychological and emotional distress, loss of wages, humiliation, destruction of his

reputation, incur substantial legal fees, loss of properties and deprivation of his physical liberty, deprivation of his constitutional and civil rights under the United States and New York State Constitutions.

43. That by reason of the foregoing plaintiff, John Bologna, was damaged in the amount of Three Million Dollars ($3,000,000.00) plus costs, disbursements, attorney's fees, and interest.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF

44. Plaintiff repeats and reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and affect as though more fully set forth herein at length.

45. The defendant, City of New York, by and through the New York City Police Department, knew or should have known of the defendant Police Officers' propensity to engage in the illegal, unconstitutional and wrongful acts detailed and described herein.

46. Upon information and belief, the defendants have in the past falsely arrested individuals, committed unconstitutional, illegal and unlawful actions against individuals and, solicited and prosecuted individuals improperly and allowed Police Officers in the past to make false entries in official Police Department records and to cover up and conceal this type of behavior.

47. The defendant, City of New York, has failed to take the steps to discipline, train, supervise or otherwise correct the improper, unconstitutional and illegal conduct of the defendant police officers.

48. The defendant, City of New York, have damaged the plaintiff by its failure to properly supervise, train, discipline, review, remove and/or correct the illegal and improper acts of the defendants herein. As the employers of the defendant police officers, the defendants, the City of New York and the New York City Police Department, are liable for the damages suffered by the plaintiff, John Bologna, and as a result of the unlawful, illegal and unconstitutional conduct of the defendant police officers.

49. As a direct result of the defendant, City of New York's failure to train, discipline, and/or remove the defendant police officers, and evaluate the personalities and prior acts of the defendant police officers, the aforementioned incident occurred and the plaintiff suffered severe physical, emotional, mental pain, lost earnings and loss of enjoyment of life.

50. As a direct and proximate result of the acts of the defendants herein, plaintiff, John Bologna, was caused to be falsely arrested, maliciously prosecuted, caused to sustain mental suffering, anguish,

psychological and emotional distress, loss of wages, loss of properties and deprivation of his physical liberty, deprivation of his constitutional and civil rights under the United States and New York State Constitutions.

51.   That by reason of the foregoing plaintiff, John Bologna, was damaged in the amount of Three Million Dollars ($3,000,000.00) plus costs, disbursements, attorney's fees, and interest.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF

52.   Plaintiff repeats and reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and affect as though more fully set forth herein at length.

53.   Plaintiff's Constitutional and Civil Rights to be free from unreasonable searches and seizures, protected under 42 U.S.C. Section 1983 and 1985, were violated by the defendants' actions herein.

54.   The allegations alleged above deprived the plaintiff of the following rights under the United States and the New York Constitutions: a violation under the Fourth, Fifth and Fourteenth Amendment of the United States Constitution to be free from a deprivation of liberty without due process of law; a violation under the Fourth Amendment against unreasonable searches and seizures; freedom from summary punishment; freedom from

illegal and unlawful acts by the defendant police officers acting under color of state law; freedom from false arrests, false imprisonment, and malicious prosecution.

55. As a direct and proximate result of the acts of the defendants herein, plaintiff, John Bologna, was caused to be falsely arrested, maliciously prosecuted, caused to sustain mental suffering, anguish, psychological and emotional distress, loss of wages, loss of properties and deprivation of his physical liberty, deprivation of his constitutional and civil rights under the United States and New York State Constitutions.

56. That by reason of the foregoing plaintiff, John Bologna, was damaged in the amount of Three Million Dollars ($3,000,000.00) plus costs, disbursements, attorney's fees, and interest.

### AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF

57. Plaintiff repeats and reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and affect as though more fully set forth herein at length.

58. The aforementioned actions of the defendants in depriving the plaintiff of his Constitutional and Civil Rights was performed with malice and/or a reckless disregard of the plaintiff's civil rights.

59. The defendant, City of New York, by and through the actions of the defendant Police Officers and the New York City Police Department, failed to maintain an adequate system of review of actions, such as those described herein, by the defendant Police Officers, which systems failed to identify instances of unconstitutional and illegal behavior, false arrests, false imprisonment, malicious prosecution or, to discipline, more closely supervise, and/or retrain officers who in fact act improperly and use illegal and unlawful actions.

60. The defendant, City of New York, has a systematic deficiency, policy, custom, and pattern which includes, but is not limited to:

a) failure to properly investigate such reports and complaints designed to insulate, protect and vindicate police officers, regardless of whether such actions are justified, illegal or unlawful;

b) failure to prepare investigative reports which critically evaluate the actions of the police officers involved in these prior instances;

c) failure to fully investigate complaints by citizens; and,

d) failure to maintain records to be used to properly dissipate and evaluate the acts and behaviors of its police officers.

   e) failure to maintain records of complaints regarding prior and proper and illegally behavior by its police officers.

  61. As a direct and proximate result of the acts of the defendants herein, plaintiff, John Bologna, was caused to be falsely arrested, maliciously prosecuted, caused to sustain mental suffering, anguish, psychological and emotional distress, loss of wages, loss of properties and deprivation of his physical liberty, deprivation of his constitutional and civil rights under the United States and New York State Constitutions.

  62. That by reason of the foregoing plaintiff, John Bologna, was damaged in the amount of Three Million Dollars ($3,000,000.00) plus costs, disbursements, attorney's fees, and interest.

### AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF

  63. Plaintiff repeats and reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and affect as though more fully set forth herein at length.

  64. The defendants herein failed to properly obtain a search warrant and follow the proper and legal search and seizure rules, regulations and procedures as mandated by the United States and New York State Constitutions, including but not limited to, failing to obtain a search

warrant prior to performing a search of the plaintiff's premises, namely his computer.

65.  The defendants herein violated plaintiff's United States Constitutional civil rights and New York State civil rights against unreasonable searches and seizures.

66.  As a result of the aforementioned acts, plaintiff's civil rights were violated under the New York State and United States Constitutions and 42 U.S.C. Sections 1983 and 1985.

67.  As a direct and proximate result of the acts of the defendants herein, plaintiff, John Bologna, was caused to be falsely arrested, maliciously prosecuted, caused to sustain mental suffering, anguish, psychological and emotional distress, loss of wages, loss of properties and deprivation of his physical liberty, deprivation of his constitutional and civil rights under the United States and New York State Constitutions.

68.  That by reason of the foregoing plaintiff, John Bologna, was damaged in the amount of Three Million Dollars ($3,000,000.00) plus costs, disbursements, attorney's fees, and interest.

### AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF

69.  Plaintiff repeats and reiterates and realleges each and every allegation contained in paragraphs

numbered "1" through "68" with the same force and affect as though more fully set forth herein at length.

70.   The action of the defendants herein were performed intentionally and deliberately to injure the plaintiff and such acts were reckless.

71.   The defendants herein, despite their knowledge of the unconstitutional and illegal searches made by the defendant Police Officers, continued to falsely arrest, falsely imprisoned, maliciously prosecuted the plaintiff herein, despite their full knowledge and awareness of the illegal search of the plaintiff's computer.

72.   Such acts were wanton, reckless, intentional and deliberately designed to injure the plaintiff herein.

73.   As a direct and proximate result of the acts of the defendants herein, plaintiff, John Bologna, was caused to be falsely arrested, maliciously prosecuted, caused to sustain mental suffering, anguish, psychological and emotional distress, loss of wages, loss of properties and deprivation of his physical liberty, deprivation of his constitutional and civil rights under the United States and New York State Constitutions.

74.   That by reason of the foregoing plaintiff, John Bologna, was damaged in the amount of Three Million Dollars ($3,000,000.00) plus costs, disbursements, attorney's fees, and interest.

## AS AND FOR AN EIGHTH CAUSE OF ACTION ON
### BEHALF OF PLAINTIFF

75. Plaintiff repeats and reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and affect as though more fully set forth herein at length.

76. Upon information and belief, the defendant, the City of New York, authorized, tolerated and institutionalized the practices, customs, policies and usages stated herein and approved the misconduct, illegal and unlawful acts described herein by:

a) failing to properly instruct, discipline, restrict, control and supervise its employees, including the defendants herein, known to be irresponsible in the dealings with citizens in the community;

b) failing to take adequate precautions in hiring, assigning and retaining the defendant Police Officers herein;

c) failing to forward to the New York Richmond County District Attorney's Office evidence of the criminal acts of the defendant police officers herein;

d) by encouraging the Police Officers to act in unlawful and illegal manner;

e) failing to establish a functioning and bonafide and meaningful departmental system for dealing with complaints regarding police misconduct;

f) by tacitly approving and condoning such prior police misconduct giving rise to liability under Title 42 U.S.C. Section 1983, which also constitutes reckless and wanton behavior and intentional and illegal behavior by the police officers herein;

g) by failing to discipline, train, retrain and to prosecute prior illegal and unlawful acts by the police officers;

h) by maintaining a policy of deliberate indifference to such behavior and actions in the past;

i) by allowing, condoning and/or permitting the establishment or perpetuation of these policies, customs, practices and usages, including the deliberate indifference to the rights of the residents and citizens, particularly the plaintiff herein.

77. Upon information and belief, the defendants herein conducted themselves in an intentional and deliberate and wanton manner by recklessly and deliberately violating the plaintiff's civil and constitutional rights herein and by falsely arresting, falsely imprisoning and maliciously prosecuting the plaintiff herein.

78. As a direct and proximate result of the acts of the defendants herein, plaintiff, John Bologna, was caused to be falsely arrested, maliciously prosecuted,

caused to sustain mental suffering, anguish, psychological and emotional distress, loss of wages, loss of properties and deprivation of his physical liberty, deprivation of his constitutional and civil rights under the United States and New York State Constitutions.

79. That by reason of the foregoing plaintiff, John Bologna, was damaged in the amount of Three Million Dollars ($3,000,000.00) plus costs, disbursements, attorney's fees, and interest.

## AS AND FOR A NINTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF

80. Plaintiff repeats and reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and affect as though more fully set forth herein at length.

81. Based upon information and belief, the acts, omissions and conduct described above, particularly by the defendants herein, constitute carelessness, negligence and recklessness under the laws of the State of New York.

82. As a direct and proximate result of the acts of the defendants herein, plaintiff, John Bologna, was caused to be falsely arrested, maliciously prosecuted, caused to sustain mental suffering, anguish, psychological and emotional distress, loss of wages, loss of properties and deprivation of his physical liberty,

deprivation of his constitutional and civil rights under the United States and New York State Constitutions.

83. That by reason of the foregoing plaintiff, John Bologna, was damaged in the amount of Three Million Dollars ($3,000,000.00) plus costs, disbursements, attorney's fees, and interest.

### AS AND FOR A TENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF

84. Plaintiff repeats and reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "83" with the same force and affect as though more fully set forth herein at length.

85. The aforementioned actions were deliberate and intentional and designed to injure the plaintiff herein.

86. The defendants actions violated 42 U.S.C. 1983.

87. That a result of the foregoing, plaintiff is entitled to receive attorney's fees, costs and disbursements pursuant to 42 U.S.C. 1985 and 1988.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF

88. Plaintiff repeats and reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and affect as though more fully set forth herein at length.

89. The aforementioned actions were deliberate and intentional and designed to injure the plaintiff herein.

90. That the defendants actions should be punished and punitive damages should be awarded in the amount of $3,000,000.00.

WHEREFORE, plaintiff demands judgment as follows:

On the First Cause of Action, compensatory damages, jointly and severally against all of the defendants, in the sum of Three Million ($3,000,000.00) Dollars;

On the Second Cause of Action, compensatory damages, jointly and severally against all of the defendants, in the sum of Three Million ($3,000,000.00) Dollars;

On the Third Cause of Action, compensatory damages, jointly and severally against all of the defendants, in the sum of Three Million ($3,000,000.00) Dollars;

On the Fourth Cause of Action, compensatory damages, jointly and severally against all of the defendants, in the sum of Three Million ($3,000,000.00) Dollars;

On the Fifth Cause of Action, compensatory damages, jointly and severally against all of the defendants, in the sum of Three Million ($3,000,000.00) Dollars;

On the Sixth Cause of Action, compensatory damages, jointly and severally against all of the defendants, in the sum of Three Million ($3,000,000.00) Dollars;

On the Seventh Cause of Action, compensatory damages, jointly and severally against all of the defendants, in the sum of Three Million ($3,000,000.00)

Dollars;

On the Eighth Cause of Action, compensatory damages, jointly and severally against all of the defendants, in the sum of Three Million ($3,000,000.00) Dollars;

On the Ninth Cause of Action, compensatory damages, jointly and severally against all of the defendants, in the sum of Three Million ($3,000,000.00) Dollars;

On the Tenth Cause of Action, attorney's fees, costs and disbursements pursuant to 42 U.S.C. 1985 and 1988. compensatory damages, jointly and severally against all of the defendants, in the sum of Three Million ($3,000,000.00) Dollars;

On the Eleventh Cause of Action, punitive damages, jointly and severally against all of the defendants, in the sum of Three Million ($3,000,000.00) Dollars;

Together with such other further relief, including, pursuant to 42 U.S.C. section 1988, costs, disbursements and reasonable attorney's fees, in an amount which the court may deem just and proper.

Dated: Staten Island, New York
       May 25, 2005

                    Yours, etc.

                    NICHOLAS MARTINO, JR.
                    Attorney for Plaintiff
                    390 Manor Road
                    Staten Island, New York 10314
                    (718) 816-7705

               By: _____
                    NICHOLAS MARTINO, JR. (NM4118)